Jacob D. Grossman, d.b.a. Narragansett Wholesale Grocery Co. vs. Victor Lawrence

Law No. 89836.

March 17, 1933.

CHURCHILL, J. Heard jury trial waived.

This was a contract action to recover against a salesman formerly in the employ of the plaintiff.

The defendant pleaded set-off amounting to $1140.66, claiming that his compensation was at a higher rate than disclosed in the declaration and bill of particulars.

At the close of the hearing the Court intimated that it was of the opinion that the defendant had not made out a case under his plea, and reserved decision for the consideration of another point. A review of the evidence under the plea of set-off has confirmed the opinion of the Court. Without reviewing the testimony, it is sufficient to say that the evidence warrants a finding, and the Court so finds, that the plea of set-off is not sustained by the evidence and that the defendant takes nothing under the plea.

The only other matter contested was under the so-called guaranty given by the defendant. It was agreed that the defendant under his contract of employment was liable for 33 1/3 per cent. of his uncollectible accounts.

The plaintiff claimed that nine accounts totaling $2632.76 were uncollectible.

The defendant maintains that the plaintiff must show that he has pursued the debtor to judgment and execution before he can call for indemnity under the contract.

No cases have been cited by either side which are directly in point on the definition of the term "uncollectible" as used in a contract of the character of the one at bar, but it appears to the Court that the construction urged by the defendant calls for too stringent a test. In a contract of this character, the ordinary commercial meaning of the term "uncollectible" must be taken as controlling unless changed by the context or by evidence that both parties used the term in other than its ordinary meaning. No such evidence was put in. If the plaintiff took the ordinary and customary steps to collect and failed, the defendant is liable.

Certain accounts were uncollectible if this test is applied.

Antaya ($318.13) was in bankruptcy and Laterenneau ($345) had made an assignment and there was no evidence that the property was sufficient to pay a dividend.

W. F. Traynor ($645) and S. G. Gardner ($500) were dead but no claim was filed in either case with the administrator or executor.

Reasonable efforts on the part of the creditor to collect called for the filing of a claim at least. In the opinion of the Court the plaintiff has not shown that such items were uncollectible.

Of the remaining accounts, namely:
Jalbert, $47.52;
Fournier, $25.00;
Gagnon, $29.36;
Gagnon, $441.75,
(notes taken up by plaintiff);
Finnerty, $231.00;
it appeared that they were all at least twenty months old, that the plaintiff had demanded payment, and that bill collectors had used their efforts without avail.

Additional circumstances relating to certain of these accounts are laid hold of by the defendant to take the cases out of the guaranty, such as ownership of land in the case of Finnerty and Jalbert and a small payment on account in the case of Gaynor. These facts are not sufficient to afford the defendant a way out.

When an account is twenty months old and the debtor has not yielded to the pressure of dunning letters and bill collectors, the account may be fairly said to be uncollectible in the ordinary commercial use of the term.

The Court rules and finds that the accounts of Jalbert, Fournier, Gagnon, Finnerty, Antaya and Laterenneau were uncollectible. The amount for which the defendant is thus liable is $479.25.

Interest has been allowed on the plaintiff's claim as set forth in paragraph (1) of his bill of particulars at 6% from May 30, 1932, to date of decision, and at the same rate on the claim as set forth in paragraph (2) of the bill of particulars at 6% from September 30th, 1932, to date of decision.

Decision for the plaintiff for $2,032.95.

For plaintiff: Edwards & Angell.

For defendant: Quinn, Kernan & Quinn.